IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS PARRA-FELIX, | ) | |
|     Petitioner, | ) | Civil Action No. 11-97 Erie |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice for lack of subject matter jurisdiction.

**II.    REPORT**

    **A.    Relevant Background**

On December 19, 2007, following guilty pleas, Petitioner was sentenced in two criminal cases in the U.S. District Court for the Southern District of Indiana to a total term of imprisonment of 180 months. In the first case (Criminal Case No. 07-cr-110) the court sentenced him on Count 1 to 120 months' imprisonment, to be followed by 8 years of supervised release, for Possession with Intent to Distribute 500 Grams or More of Cocaine (Mixture), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 851, to run concurrent with the sentence imposed in the second case. On Count 2, the court sentenced him to 60 months' imprisonment, to run consecutive with Count 1, followed by 5 years of supervised release (to run concurrent with Count 1 and the term imposed in the second case), for Possession of a Firearm in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1). In the second case (Criminal Case No. 07-cr-148) the court sentenced him to 120 months'

1

imprisonment, to run concurrent with the sentence imposed for Count 1 of the first case, followed by 3 years of supervised release (to run concurrent with the term imposed under the first case), for Illegal Reentry to the United States after Deportation for an Aggravated Felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

On January 3, 2011, Petitioner filed with the U.S. District Court for the Southern District of Indiana a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he alleged: (1) actual and factual innocence of a violation under 18 U.S.C. § 924 (c)(1); and, (2) actual and factual innocence of the enhancement filed under 21 U.S.C.§ 851 due to noncompliance of the procedure for enhancement. (Resp's Exs. 6 & 7). On April 1, 2011, the court denied Petitioner's motion as time-barred and dismissed it with prejudice. (Resp's Ex. 9).

Petitioner commenced this proceeding on or around April 21, 2011, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 5]. He claims that he is "actually innocent" of gun possession in violation of 18 U.S.C. § 924(c)(1) and the sentencing enhancement that he received pursuant to 21 U.S.C. § 851. He states that he is "actually innocent" of the § 851 sentencing enhancement because "[t]he Government did not file the notice of enhancement until after I entered a plea of guilty on October 15, 2007." As relief, he requests that the gun conviction and sentence be vacated and that the enhancement for drugs under § 851 be removed. [ECF No. 5 at 5].

Respondent has filed an Answer in which he asserts that the petition should be dismissed for lack of subject matter jurisdiction. [ECF No. 9]. Petitioner has filed a Reply [ECF No. 10].

2

**B.      Discussion**

**1.      Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

28 U.S.C. § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x. 525, 526 (3d Cir. 2002); Briggs v. Levi, 275 F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). In contrast, matters concerning the execution of a federal prisoner's sentence – such as, for example, the way in which the Bureau of Prisons has calculated a prisoner's term of imprisonment – are within the subject matter jurisdiction of the court presiding in the district in which that federal prisoner is incarcerated. See also McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010). Such claims are properly brought in a petition for a writ of habeas corpus under § 2241. Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).

Respondent is correct that this Court must dismiss the petition for want of subject matter jurisdiction because Petitioner is challenging the validity of his judgment of sentence. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

### 2. The Savings Clause of 28 U.S.C. § 2255

Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner does not articulate any persuasive reason to support a contention that this case falls within § 2255's "savings clause" or "safety valve." He challenged his judgment of sentence with the district court that sentenced him. That it did not provide him with the relief he sought does not establish that § 2255 provided him with an inadequate or ineffective remedy. This Court, sitting in habeas, is not merely another avenue for him to seek relief from his judgment of sentence. "A section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam) (citing Cradle, 290 F.3d at 539). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the [court of appeals] denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is *extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity*

4

*to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law*." Id. at 856 (emphasis added) (citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

In conclusion, this case does not present the rare situation rendering § 2255 inadequate or ineffective. Accordingly, this Court does not have jurisdiction and the instant action and his petition must be dismissed.

### C.     Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


June 6, 2012 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Sean J. McLaughlin
United States District Judge